In the Matter of the Estate of KATHERINE A. BAILEY, Deceased.

Surrogate's Court, Queens County, March 31, 1933.

*Kenneth L. Lawlor*, for the petitioner.

*William R. White*, for the executors.

HETHERINGTON, S. In pursuance of an order of the surrogate, the executors caused to be published once a week for six months a notice to creditors to present claims. After the completion of publication, the printer presented a bill therefor to the executors for $130. Payment was refused, and the petitioner, as assignee of the claim, brings this proceeding to compel payment. The question is thus presented as to the amount the printer is entitled to charge for publishing a notice of the character specified. The only provision of the Surrogate's Court Act bearing upon the charges of printers or publishers is section 287 which provides in part as follows: " Except as otherwise specially prescribed by law, the proprietor of a newspaper is entitled for publishing notice, order, citation or other advertisement, required by this chapter to be published, to  *  *  *."

It is plain from the language of the statute that the rate therein provided is applicable only where the notice is *required* by the Surrogate's Court Act to be published. No claim is made that the charge for printing the notice in question is governed by any other provision of law. The problem is thus simplified and its solution depends upon the fact whether or not the notice is required under the act to be published. The publication of this particular notice is governed by section 207, which provides in part that " The executor or administrator at any time after the granting of his letters, may insert a notice once in each week for six months in such news-

paper or newspapers printed in the county as the surrogate directs." ·

It is to be noted that the statute imposes no legal or mandatory obligation upon the legal representative to publish the notice. Publication is optional and the wisdom or necessity for so doing is a matter solely for the determination of the executor or administrator. The statute is purely permissive, and the giving of the notice is for the protection of legal representatives and the estates which they represent. Estates may be administered and settled without giving any notice.

Such advantages as may heretofore have been derived from the publishing of a notice, have been somewhat diminished by the amendment to sections 258 and 261 which compel and allow an accounting where seven months have expired since letters were issued to a legal representative.

The publication of this notice cannot be likened to the publication of a citation where publication becomes mandatory when service cannot otherwise be had. In such a situation jurisdiction of the court depends upon proof of publication in accordance with the order of the surrogate. No question of jurisdiction is involved in the publication of a notice to creditors, and I am, therefore, of the opinion that the publication here made was not such as is required by the act. The petitioner is, therefore, limited to a reasonable charge, and in view of the stipulation of the parties the amount is fixed at thirty-three dollars and forty cents.

Submit order on notice allowing claim at thirty-three dollars and forty cents and directing payment by the executors.